UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| NITA AFRICANO-DOMINGO, | ) |
| Plaintiff, | ) No. 19 CV 401 |
| v. | ) Judge Rebecca R. Pallmeyer |
| MILLER & STEENO, P.C., and DNF ASSOCIATES, LLC, | ) |
| Defendants. | ) |

### MEMORANDUM ORDER AND OPINION

In June 2018, Plaintiff Nita Africano-Domingo received a letter from Defendant Miller & Steeno, P.C. seeking to collect a $1,678.69 debt on behalf of Defendant DNF Associates, LLC. The letter identifies Kay Jewelers as the "Original Creditor" and DNF Associates LLC as the "current owner of the unpaid account." Ms. Africano-Domingo alleges that the letter failed to effectively identify the creditor to whom the debt is owed, and failed to specify that she had 30 days to request the name and address of her original creditor, both in violation of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.* Defendants Miller & Steeno and DNF Associates jointly moved to dismiss Plaintiff's complaint. For the reasons stated below, Defendants' motion to dismiss [12] is denied in part and granted in part.

### BACKGROUND

This suit arises from a letter sent by Defendant Miller & Steeno to Plaintiff Africano-Domingo seeking payment of a delinquent consumer credit account originally owed to Kay Jewelers. (Compl. [1] ¶ 11.) According to the allegations in the complaint, deemed true for purposes of this motion, Defendant DNF Associates purchased the alleged debt and retained Defendant Miller & Steeno to collect the debt on its behalf. (*Id.* ¶ 13.) Miller & Steeno sent a letter to Plaintiff on June 18, 2018 that identifies Kay Jewelers as the "Original Creditor" and states that DNF Associates LLC is the "current owner of the unpaid account." (*Id.* ¶¶ 19–20.) Nowhere in

1

the letter is an entity specifically identified as the "current creditor." (*Id.* ¶ 21.) A subsequent paragraph of the letter states, in full:

> Unless you notify us within thirty (30) days after receipt of this letter that you dispute the validity of the debt, or any portion thereof, the debt will be assumed to be valid by this office. If you notify us, in writing, within thirty days, that the debt, or any portion thereof is disputed, we will obtain verification of it and a copy of the verification will be mailed to you. If requested, in writing, we will also provide you with the name and address of the original creditor, if different from your current creditor.

(Collection Letter, Ex. D to Compl.)

Plaintiff alleges that Defendants violated the FDCPA in two ways. First, because the letter identifies only an original creditor, a current owner of the account, and a debt collector, it does not identify the current creditor to whom the debt is owed, as required by Section 1692g of the FDCPA. (Compl. ¶ 40.); *see also* 15 U.S.C. § 1692g(a)(2) ("[A] debt collector shall . . . send the consumer a written notice containing the name of the creditor to whom the debt is owed."). As a result, Plaintiff alleges that she was confused "as to whom, exactly, the debt was allegedly owed." (Compl. ¶ 23.) Second, while the letter states that Plaintiff must dispute the debt or request verification of the debt in writing within 30 days of receipt of the letter, the letter does not state that she has only 30 days to request the name and address of the original creditor, as required by Section 1692g. *See* 15 U.S.C. § 1692g(a)(5) ("[A] debt collector shall . . . send the consumer a written notice containing a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor."); (Compl. ¶ 41.) Because the letter does not repeat the 30-day deadline in the creditor verification sentence, Plaintiff alleges that she "may unknowingly waive her right to obtain information regarding the original creditor." (*Id.* ¶ 28.)

Defendants now move to dismiss Plaintiff's complaint for failure to state a claim upon which relief can be granted. *See* Fed. R. Civ. P. 12(b)(6). Defendants first contend that the letter fully complies with Section 1692g(a)(2) because the language identifying DNF Associates LLC as the "current owner of the unpaid account" states the identity of the current creditor "clearly enough

2

that the recipient is likely to understand it." (Def.'s Mem. in Supp. of Mot. to Dismiss ("Def.'s MTD") [13] at 3 (quoting *Janetos v. Fulton Friedman & Gullace, LLP*, 825 F.3d 317, 321 (7th Cir. 2016)).) Defendants next assert that the letter complies with Section 1692g(a)(5) because, while it does not repeat that Plaintiff has 30 days to request the identity of the original creditor in that sentence, the 30-day limit is identified twice in the same paragraph. (Def.'s MTD at 4.) The average debtor, Defendants contend, is "capable of making basic logical deductions and inferences" and "can deduce that . . . she has thirty days to send a letter" requesting verifying information. (*Id.*) Defendants last argue that Plaintiff lacks standing to bring her FDCPA claims because she has not alleged that she suffered any concrete injury as a result of Defendants' conduct. (*Id.* at 5.) The court construes that portion of Defendants' motion as a challenge to the court's subject-matter jurisdiction. *See* FED. R. CIV. P. 12(b)(1).

## LEGAL STANDARD

To survive a Rule 12(b)(6) motion to dismiss, a complaint must "contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. In deciding a motion to dismiss, the court accepts the well-pleaded factual allegations in the complaint as true and draws all reasonable inferences in favor of the plaintiff. *Kubiak v. City of Chicago*, 810 F.3d 476, 480–81 (7th Cir. 2016). The court may consider the complaint, "documents that are attached to the complaint, documents that are central to the complaint and referred to in it, and information that is properly subject to judicial notice." *Williamson v. Curran*, 714 F.3d 432, 436 (7th Cir. 2013).

The court lacks subject-matter jurisdiction over the case if the plaintiff lacks standing to sue. The plaintiff bears the burden of establishing that she has standing. *Diedrich v. Ocwen Loan Serv., LLC*, 839 F.3d 583, 588 (7th Cir. 2016). In reviewing a facial challenge to a plaintiff's

standing, the court presumes the truth of "all material allegations in the complaint" and draws all reasonable inferences in favor of the plaintiff. *Remijas v. Neiman Marcus Group, LLC*, 794 F.3d 688, 691 (7th Cir. 2015). When, however, standing is challenged as a factual matter, the court "may properly look beyond the jurisdictional allegations of the complaint and view whatever evidence has been submitted on the issue to determine whether in fact subject matter jurisdiction exists." *Apex Digital, Inc. v. Sears, Roebuck & Co.*, 572 F.3d 440, 444 (7th Cir. 2009) (quoting *Evers v. Astrue*, 536 F.3d 651, 656–57 (7th Cir. 2008)).

## DISCUSSION

To comply with the FDCPA, a debt collector must include certain information in either "the initial communication with a consumer in connection with the collection of any debt," or in a notice sent within five days of the initial communication. 15 U.S.C. § 1692g(a). In particular, the debt collector must clearly identify the creditor to whom the debt is owed, 15 U.S.C. § 1692g(a)(2), and provide the debtor with written notice that he or she may request information about the original creditor, if different from the current creditor, upon written request within 30 days of receipt of the letter. 15 U.S.C. § 1692g(a)(5). A debt collector violates Section 1692g by either "fail[ing] to provide required information or provid[ing] required information 'in a manner that is confusing to the consumer.'" *Osideko v. L J Ross Assocs., Inc.*, No. 18 C 3147, 2019 WL 1915666, at *1 (N.D. Ill. Apr. 30, 2019) (quoting *McMillan v. Collection Prof'ls, Inc.*, 455 F.3d 754, 758 (7th Cir. 2006)). A court evaluates the potential for confusion "through the eyes of the unsophisticated consumer." *Wahl v. Midland Credit Mgmt., Inc.*, 556 F.3d 643, 645 (7th Cir. 2009).

### I.     Rule 12(b)(1) Challenge to Standing

Article III of the Constitution limits the jurisdiction of federal courts to actual "cases" or "controversies." U.S. CONST. art. III, § 2. An "essential and unchanging part" of Article III's case-or-controversy requirement is standing. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992). To have standing to sue in federal court, a plaintiff must show that she "(1) suffered an injury in fact, (2) that is traceable to the challenged conduct of the defendant, and (3) that is likely to be

redressed by a favorable judicial decision." *Diedrich*, 839 F.3d at 587–88 (quoting *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016)). An "injury in fact" is the "invasion of a legally protected interest which is (a) concrete and particularized, and (b) actual or imminent." *Lujan*, 504 U.S. at 560. "An alleged harm need not be tangible to be 'concrete,' but it must be 'real and not abstract.'" *Casillas v. Madison Ave. Assocs., Inc.*, 926 F.3d 329, 339 (7th Cir. 2019) (quoting *Spokeo*, 136 S. Ct. at 1548). At the pleading stage, as here, "the plaintiff must clearly allege facts demonstrating each element" of the standing inquiry. *Spokeo*, 136 S. Ct. at 1547 (alterations and internal quotation omitted). Defendants contend that Plaintiff has not demonstrated that she suffered an injury-in-fact because she alleged only a statutory violation; accordingly, they argue, Plaintiff lacks standing. (Def.'s MTD at 4–5.)

Relying principally on *Haddad v. Midland Funding, Inc.*, 255 F. Supp. 3d 735 (N.D. Ill. 2017), Plaintiff argues that receiving incomplete information in a debt collection letter in violation of the FDCPA is itself a sufficiently concrete harm to establish standing. (Pl.'s Resp. to Def.'s MTD ("Pl.'s Resp.") [16] at 9–10.) This was the prevailing view in this Circuit before the Supreme Court's decision in *Spokeo*. *See Aguirre v. Absolute Resolutions Corp.*, No. 15 C 11111, 2017 WL 4280957, at *4 (N.D. Ill. Sept. 27, 2017) (listing cases). On June 4, 2019, however, after briefs were submitted in this case, the Seventh Circuit decided *Casillas v. Madison Avenue Associates, Inc.*, which applies *Spokeo* to alleged violations of the FDCPA.

*Casillas* recognized that as a general rule, "Congress has the power to define intangible harms as legal injuries for which a plaintiff can seek relief." *Casillas*, 926 F.3d at 333 (citing *Lujan*, 504 U.S. at 578). In the context of the FDCPA, Congress used this power to enable "debtors to hold debt collectors liable for statutory violations." *Casillas*, 926 F.3d at 333. But "Congress must operate within the confines of Article III." *Id.*; *see also Spokeo*, 136 S. Ct. at 1549 ("Congress' role in identifying and elevating intangible harms does not mean that a plaintiff automatically satisfies the injury-in-fact requirement whenever a statute grants a person a statutory right and purports to authorize that person to sue to vindicate that right."). A "violation of a procedural right

5

granted by statute can be sufficient in some circumstances . . . [so that] a plaintiff in such a case need not allege any additional harm beyond the one Congress has identified." *Perea v. Codilis & Assocs., P.C.*, No. 18-CV-07364, 2019 WL 4750283, at *2 (N.D. Ill. Sept. 30, 2019) (quoting *Spokeo*, 136 S. Ct. at 1549). But in affirming dismissal of plaintiff's FDCPA claims in *Casillas*, the Seventh Circuit held that an FDCPA plaintiff "cannot demonstrate standing simply by pointing to [a debt collector's] procedural violation," and must also "show that the violation harmed or 'presented an appreciable risk of harm to the underlying concrete interest that Congress sought to protect.'" *Casillas*, 926 F.3d at 333 (quoting *Groshek v. Time Warner Cable, Inc.*, 865 F.3d 884, 887 (7th Cir. 2017)).

*Casillas* distinguished a defendant's "obligation to provide substantive information from its obligation to give notice of statutory rights." *Casillas*, 926 F.3d at 335. A violation of a provision that entitles a plaintiff to "receive and review substantive information" may confer standing even when a violation of a provision that "protect[s] a consumer's interest in knowing her statutory rights" may not. *Id.* (citing *Robertson v. Allied Sols., Inc.*, 902 F.3d 690, 697 (7th Cir. 2018)). Courts within this Circuit interpreting *Casillas* have elaborated, finding that incomplete debt collection letters often concern notice to a consumer of her statutory rights, while deceptive or confusing debt collection letters involve a consumer's right under the FDCPA to receive substantive information about her debt. *See, e.g., Pierre v. Midland Credit Mgmt.*, No. 16 C 2895, 2019 WL 4059154, at *3 (N.D. Ill. Aug. 28, 2019); *Untershine v. Encore Receivable Mgmt., Inc.*, No. 18-CV-1484, 2019 WL 3766564, at *3 (E.D. Wis. Aug. 9, 2019) (distinguishing *Casillas* because the plaintiffs alleged "not that they were uninformed but that they were misinformed"). This distinction is relevant here, where Plaintiff has challenged the letter she received as both incomplete and deceptive.

    **A.**    **Alleged Violation of Section 1692g(a)(5)**

Recent Seventh Circuit cases make clear that "an FDCPA plaintiff should include an allegation of concrete harm in his complaint"—"[a] bare allegation that the defendant violated one

6

of the Act's procedural requirements typically won't satisfy the injury-in-fact requirement." *Lavallee v. Med-1 Sols., LLC*, 932 F.3d 1049, 1053 (7th Cir. 2019). For example, the plaintiff in *Casillas* received a debt collection letter that she alleged violated Section 1692g(a)(4)–(5) of the FDCPA because, while it stated that she could dispute all or part of the debt and that she could request the name and address of the original creditor, the letter did not specify that any such dispute or request must be in writing. *Casillas*, 926 F.3d at 332. The plaintiff did not allege that "she tried to dispute or verify her debt orally and therefore lost or risked losing the statutory protections," however, and therefore did not demonstrate that the debt collector's conduct "posed any real risk of harm to her interests under the act." *Id.* at 334. Nor had she alleged that she "considered" contacting the debt collector or "that she had any doubt about whether she owed [the creditor] the stated amount of money." *Id.* Accordingly, the court explained, "[a]ny risk of harm was entirely counterfactual: she was not at any risk of losing her statutory rights because there was no prospect that she would have tried to exercise them." *Id.* In *Lavallee*, in contrast, the Seventh Circuit affirmed the conclusion that plaintiff had standing to sue for statutory non-compliance when an email, intended to be an FDCPA communication, contained none of the disclosures required by Section 1692g(a). 932 F.3d at 1053. The court explained that, because the plaintiff "was already a collection-suit defendant, it [was] reasonable to infer that she would have exercised her statutory rights, thereby halting the collection litigation." *Id.*

Guided by *Casillas* and *Lavallee*, the court concludes that Plaintiff here has not alleged that she suffered a concrete injury stemming from the alleged Section 1692g(a)(5) violation. Plaintiff alleges that, because Defendants did not include the required disclosure that any written request for information about the original creditor must be made within 30 days, she "may unknowingly waive her right to obtain information regarding the original creditor." (Compl. ¶ 28.) Similar to the plaintiff in *Casillas*, however, Plaintiff has not alleged that she attempted to obtain information about the original creditor from Defendants after the 30-day period, or that she even planned to attempt to request such information or otherwise exercise her rights under Section

7

1692g(a)(5). *See Casillas*, 926 F.3d at 332. Nor has Plaintiff intimated any doubts that Kay Jewelers was the original creditor. Accordingly, Plaintiff alleges the same type of "bare procedural violation" of Section 1692g(a)(5) of the FDCPA that is "insufficient for purposes of Article III" standing. *Id.* at 339. Because *Casillas* and *Lavallee* were decided after the close of briefing on Defendants' motion to dismiss, Plaintiff may seek leave to amend her complaint if she believes she can allege additional facts to correct the jurisdictional deficiency related to Defendants' alleged Section 1692g(a)(5) omission.[1]

### B. Alleged Violation of Section 1692g(a)(2)

Plaintiff has, however, sufficiently alleged that she has standing to bring her Section 1692g(a)(2) claim against Defendants. The FDCPA "seeks to protect debtors from 'the use of abusive, deceptive, and unfair debt collection practices by many debt collectors.'" *Id.* at 333 (quoting 15 U.S.C. § 1692(a)). Section 1692g promotes this end by "giving debtors a way to dispute or verify their supposed debts," *Casillas*, 926 F.3d at 333, and "Congress sought to protect debtors from inaccurate information in relation to exercising their rights under § 1692g." *Oloko v. Receivable Recovery Servs.*, LLC, No. 17 CV 7626, 2019 WL 3889587, at *3 (N.D. Ill. Aug. 19, 2019). The name of the creditor to whom a debt is owed is "substantive information" that debt collectors must accurately provide to alleged debtors for their review. *Cf. Casillas*, 926 F.3d at 335; *see also Untershine*, 2019 WL 3766564, at *3 (finding that the amount of the debt is substantive information); *Richardson v. Diversified Consultants, Inc.*, No. 17 CV 4047, 2019 WL 3216030, at *1 (N.D. Ill. July 17, 2019).

Significantly for standing purposes, Plaintiff has alleged a concrete injury. Plaintiff alleges that she "was confused . . . as to whom, exactly, the debt was owed" because the letter identified DNF Associates, LLC as the "current owner of the unpaid account" rather than the "current

---

[1] Because the court finds that Plaintiff has not adequately pleaded that she has standing to bring her 15 U.S.C. § 1692g(a)(5) claim, it will not review the parties' arguments related to the merits of this claim.

8

creditor." (Compl. ¶ 23.) *Cf. Perea*, 2019 WL 4750283, at *3 (finding that a plaintiff lacked standing when he failed to allege that "he himself as confused or misled by what the letter said"); *see also Oloko*, 2019 WL 3889587, at *3 (explaining that a plaintiff had standing to sue a debt collector that sent two dunning letters and the plaintiff alleged that "the second dunning letter contradicted the first letter and caused confusion because the second letter demanded immediate payment before the end of the 30-day validation period"). Confusion about who a debtor must pay to extinguish her obligation, or who a debtor may contact to dispute or verify her supposed debt is "the kind of injury that Congress sought to prevent through the FDCPA." *See Richardson*, 2019 WL 3216030, at *4. Plaintiff has plausibly alleged that the violation of Section 1692g(a)(2) "presented an appreciable risk of harm to the underlying concrete interest that Congress sought to protect," *Casillas*, 926 F.3d at 333, "namely, the concrete interest in receiving accurate information about her debt." *Oloko*, 2019 WL 3889587, at *3. Accordingly, Plaintiff has adequately pleaded standing to pursue her Section 1692g(a)(2) claim.

## II.     Rule 12(b)(6) Challenge to the Merits

Courts determining whether a debt collection letter complies with the requirements of the FDCPA view the communication through "the objective lens of an unsophisticated consumer, who, while 'uninformed, naïve, or trusting,' possesses at least 'reasonable intelligence, and is capable of making basic logical deductions and inferences.'" *Smith v. Simm Assoc., Inc.*, 926 F.3d 377, 380 (7th Cir. 2019) (quoting *Pettit v. Retrieval Masters Creditor Bureau, Inc.*, 211 F.3d 1057, 1060 (7th Cir. 2009)). Courts must ask "whether someone of modest education and limited commercial savvy would likely be" confused by the letter. *O'Boyle v. Real Time Resolutions*, 910 F.3d 338, 344 (7th Cir. 2018). Importantly here, a debt collector must accurately and clearly identify the creditor to whom the debt is owed to ensure that the debtor knows to whom her payment should be addressed and to limit the "potential for fraud" by "unscrupulous sender[s]." *Janetos*, 825 F.3d at 324–25.

In this Circuit, "the confusing nature of a collection letter is a question of fact that, if well-pleaded, avoids dismissal on a Rule 12(b)(6) motion." *Zemeckis v. Global Credit & Collection Corp.*, 679 F.3d 632, 636 (7th Cir. 2012). "[A] district court must tread carefully before holding that a letter is not confusing as a matter of law when ruling on a Rule 12(b)(6) motion because district judges are not good proxies for the unsophisticated consumer whose interest the statute protects." *McMillan*, 455 F.3d at 759 (internal quotation omitted). But if it is "apparent from a reading of a letter that not even a significant fraction of the population would be misled by it," dismissal is appropriate. *Zemeckis*, 679 F.3d at 636 (citation omitted).

Plaintiff alleges that the letter sent by Defendants would be confusing to an unsophisticated consumer because it fails to clearly identify the current creditor. Specifically, the letter sent to Plaintiff identifies Kay Jewelers as the "Original Creditor" and DNF Associates, LLC as the "current owner of the unpaid account referred to above," without naming a "current creditor." (Collection Letter.) Relying on *Taylor v. MRS BPO, LLC*, No. 2:17-CV-01733, 2017 WL 2861785, at *3 (E.D.N.Y. July 5, 2017), Defendants respond that debt collectors need not use "magic words" or specific phrases to comply with the FDCPA. (Def.'s Reply [17] at 3.) Moreover, Defendants argue, even unsophisticated consumers are "capable of making basic logical deductions and inferences," *Janetos*, 825 F.3d at 322, and an unsophisticated consumer would be capable of deducing that "DNF is the name of the collector to whom the debt is owed." (Def.'s MTD at 3.)

The FDCPA requires debt collectors to provide information about the debt "clearly enough that the recipient is likely to understand it." *Janetos*, 825 F.3d at 321. In the context of Plaintiff's claimed confusion, *Walls v. United Collection Bureau, Inc.*, No. 11 C 6026, 2012 WL 1755751 (N.D. Ill. May 16, 2012), is instructive. In *Walls*, the debt collection letter identified one entity as the "Client," another entity as as the "Current Owner," and a third as the "Original Creditor." *Id.* at *1. The letter received by Plaintiff is not as potentially confusing as the one in *Walls*; it provides the additional detail that DNF Associates, LLC is the "current owner of the unpaid account referred to above." Still, a significant number of unsophisticated consumers could plausibly be confused

10

by this language. As *Walls* explained, "the plain language of the [FDCPA] . . . requires that the 'creditor to whom the debt is owed' be identified, not the 'current owner of the debt.'" *Id.* at *2. This requirement "makes sense because an unsophisticated consumer likely does not ask himself, 'Who owns the debt?' or think about debt in terms of 'ownership.'" *Id.*; (*see also* Pl.'s Resp. at 4–5.) Rather, she wants to know who to pay or who to contact "to confirm that paying the letter-writer would be the proper course of action," and this may not be clear from language of ownership. *Janetos*, 825 F.3d at 324–25. Additionally, as in *Walls*, the letter sent to Plaintiff designates an "original creditor" which "can be viewed as making the letter even more confusing in light of the fact that no phrase like 'current creditor' is used." *Walls*, 2012 WL 1755751, at *2.

Defendants cite *Macias v. Credit Control, LLC* to argue that the language in Miller & Steeno's letter makes clear that DNF Associates is the current creditor. (Def.'s Reply at 4.) In *Macias*, the court found that a debt collection letter was not misleading under Section 1962e merely because it used the terms "current creditor" and "current owner" interchangeably. *Macias v. Credit Control, LLC*, No. 17 CV 01158, 2017 WL 2619145, at *5 (N.D. Ill. June 16, 2017). The letter's heading identified LVNV as the "Current Creditor" and Capital One as the "Original Creditor," but the body of the letter disclosed that the "current account owner" could make a negative credit report. *Id.* The court concluded that the use of "current account owner" was not misleading because the body of the letter also disclosed that the credit account had been purchased by LVNV, and even an unsophisticated consumer could be expected to deduce that purchasing the account made LVNV the account owner. *Id.* Here, in contrast, there is no context in the body of the letter (or elsewhere) to suggest that DNF Associates, the "current owner of the unpaid account," is also the current creditor. Indeed, nowhere in the letter is any entity identified with the term "current creditor." While debt collectors may not need to use Section 1692g's exact terms, Plaintiff has plausibly alleged that Defendants violated Section 1692g(a)(2) of the FDCPA by using ambiguous language to identify the current creditor. *See Zuniga v. Asset Recovery Sols.*, No. 17 CV 05119, 2018 WL 1519162, at *3 (N.D. Ill. Mar. 28, 2018).

**CONCLUSION**

For the foregoing reasons, the court concludes that Plaintiff has not made a showing that she has standing to pursue her Section 1692g(a)(5) claim and grants Defendants' motion to dismiss that claim without prejudice. The court is satisfied that Plaintiff has standing to pursue her Section 1692g(a)(2) claim and concludes she has adequately pleaded such a claim. The motion to dismiss [12] is therefore granted in part without prejudice and denied in part. Plaintiff may seek leave to amend her complaint within 21 days if she believes she can correct its jurisdictional deficiencies. A status conference is set for February 10, 2020, at 9:30 a.m.

ENTER:

Date: January 16, 2020

_____
REBECCA R. PALLMEYER
United States District Judge