UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| NITA AFRICANO-DOMINGO, ) | |
| ) | |
| Plaintiff, ) | No. 19 CV 401 |
| ) | |
| v. ) | Judge Rebecca R. Pallmeyer |
| ) | |
| MILLER & STEENO, P.C., and DNF ) | |
| ASSOCIATES, LLC, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM ORDER AND OPINION

In June 2018, Plaintiff Nita Africano-Domingo received a letter from Defendant Miller & Steeno, P.C. seeking to collect a $1,678.69 debt on behalf of Defendant DNF Associates, LLC. The letter identifies Kay Jewelers as the "Original Creditor" and DNF Associates, LLC as the "current owner of the unpaid account." In this lawsuit, Ms. Africano-Domingo alleges that the letter did not effectively identify the creditor to whom the debt is owed, and failed to specify that she had 30 days to request the name and address of her original creditor, both in violation of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.* Defendants Miller & Steeno and DNF Associates jointly moved to dismiss Plaintiff's complaint. In a previous order [25], the court denied in part and granted in part that motion to dismiss. Plaintiff then filed an amended complaint [26] addressing the deficiencies in her original complaint. Defendants now move to dismiss the amended complaint for lack of subject matter jurisdiction and for failure to state a claim. For the reasons stated below, the motion to dismiss [31] is denied.

## BACKGROUND

The court assumes familiarity with the factual background set forth in its previous opinion, and will present additional facts only as necessary. This suit arises from a letter sent by Defendant Miller & Steeno to Plaintiff Africano-Domingo seeking payment of a delinquent consumer credit account originally owed to Kay Jewelers. (Am. Compl. [26] ¶ 11.) According to the allegations in

the complaint, deemed true for purposes of this motion, Defendant DNF Associates purchased the alleged debt and retained Defendant Miller & Steeno to collect the debt on its behalf. (*Id.* ¶ 13.) In an attempt to collect the debt, Miller & Steeno sent a letter ("debt collection letter") to Plaintiff on June 18, 2018 that identifies Kay Jewelers as the "Original Creditor" and DNF Associates LLC as the "current owner of the unpaid account." (*Id.* ¶¶ 19–20; *see also* Debt Collection Letter, Ex. D to Am. Compl. [26-1].)

As in her original complaint, Plaintiff alleges that the debt collection letter violates the FDCPA by failing to identify the "creditor to whom [her] debt is owed." *See* 15 U.S.C. § 1692g(a)(2). Specifically, because the letter identifies an "original creditor," a "sender," and a "current owner of the unpaid account," but does not identify any entity as the "current creditor," Plaintiff was "confused . . . as to whom, exactly, the debt was allegedly owed." (Am. Compl. ¶¶ 18–23.) Plaintiff also alleges that the letter violates the FDCPA by failing to disclose that she had only 30 days from receipt of the letter to request the name and address of her original creditor. *See* 15 U.S.C. § 1692g(a)(5). The letter did represent that, "[i]f requested, in writing, we will also provide you with the name and address of the original creditor, if different from your current creditor." (Am Compl. ¶ 26.) It did not spell out the 30-day deadline, however; Plaintiff alleges that she was confused by this, did not realize that she had just 30 days to request information about the original creditor, does not recognize the debt and would have timely requested information had she known about a deadline, and unknowingly waived her right to obtain that information. (*Id.* ¶¶ 28–31.) Plaintiff also alleges that soon after receiving the debt collection letter, she consulted with counsel who sent a letter to Defendant Miller & Steeno informing them that Plaintiff could not pay and that the debt was not accurate. (*Id.* ¶ 34; *see also* Letter from Michael Wood to Miller & Steeno, P.C. ("Wood Letter"), Ex. E to Am. Compl. [26-1].)

Defendants moved to dismiss Plaintiff's original complaint for lack of subject-matter jurisdiction, *see* FED. R. CIV. P. 12(b)(1), and for failure to state a claim upon which relief can be granted, *see* FED. R. CIV. P. 12(b)(6). The court denied Defendants' motion to dismiss with

2

respect to Plaintiff's 15 U.S.C. § 1692g(a)(2) claim, holding that Plaintiff's alleged confusion about the identity of her current creditor was a concrete injury conferring standing, and that Plaintiff had plausibly alleged that Defendants violated § 1692g(a)(2) by identifying the creditor to whom the alleged debt is owed in a way that could be confusing to an unsophisticated consumer. The court dismissed Plaintiff's 15 U.S.C. § 1692g(a)(5) claim for lack of subject-matter jurisdiction. In her original complaint, Plaintiff alleged only that she "may unknowingly waive her right to obtain information regarding the original creditor," due to Defendants' failure to notify her that she had 30 days to request that information. (Compl. [1] ¶ 28.) The court found that Plaintiff had alleged a bare procedural violation, not a concrete injury, because Plaintiff did not claim that she attempted to make an information request, or even planned to make such a request.

In their motion to dismiss the amended complaint, Defendants again challenge Plaintiff's § 1692g(a)(2) claim for failure to state a claim. (Mem. in Supp. of Mot. to Dismiss ("Mot. to Dismiss") [31] at 3–6.) Defendants note that "magic words are not required for a defendant to comply with Section 1692g(a)(2)." (*Id.* at 4.) In Defendants' view, any unsophisticated consumer could identify the creditor to whom Plaintiff's debt is owed because the debt collection letter names Kay Jewelers as the "original creditor," and DNF Associates as the "current owner of the unpaid account." (*Id.* at 4–6.) Defendants also challenge Plaintiff's § 1692g(a)(5) claim, asserting that Plaintiff still has not plausibly alleged that she suffered an injury in fact as a result of the letter's alleged noncompliance with § 1692g(a)(5), and that regardless, the debt collection letter did include the required disclosures. (*Id.* at 7.)

## **LEGAL STANDARD**

In order to survive a Rule 12(b)(6) motion to dismiss, a complaint must "contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."

3

*Iqbal*, 556 U.S. at 678. In deciding a motion to dismiss, the court accepts the well-pleaded facts in the complaint as true and draws all reasonable inferences in favor of the plaintiff. *Kubiak v. City of Chicago*, 810 F.3d 476, 480-81 (7th Cir. 2016). The court may consider the complaint, "documents that are attached to the complaint, documents that are central to the complaint and referred to in it, and information that is properly subject to judicial notice." *Williamson v. Curran*, 714 F.3d 432, 436 (7th Cir. 2013).

The court lacks subject-matter jurisdiction if the plaintiff lacks standing. The plaintiff bears the burden of establishing that she has standing. *Diedrich v. Ocwen Loan Serv., LLC*, 839 F.3d 583, 588 (7th Cir. 2016). In reviewing a facial challenge to a plaintiff's standing, the court presumes the truth of "all material allegations in the complaint" and draws all reasonable inferences in plaintiff's favor. *Remijas v. Neiman Marcus Group, LLC*, 794 F.3d 688, 691 (7th Cir. 2015).

## **DISCUSSION**

To comply with the FDCPA, a debt collector must include certain information in either the initial communication with a consumer or in a notice sent within five days of the initial communication. 15 U.S.C. § 1692g(a). Specifically, the debt collector must clearly identify the creditor to whom the debt is owed, 15 U.S.C. § 1692g(a)(2), and must notify the consumer that she may request information about the original creditor upon written request within 30 days of receipt of the letter. 15 U.S.C. § 1692g(a)(5). A debt collector violates Section 1692g by either "fail[ing] to provide required information or provid[ing] required information 'in a manner that is confusing to the consumer.'" *Osideko v. L J Ross Assocs., Inc.*, No. 18 C 3147, 2019 WL 1915666, at *1 (N.D. Ill. Apr. 30, 2019) (quoting *McMillan v. Collection Prof'ls, Inc.*, 455 F.3d 754, 758 (7th Cir. 2006)). A court evaluates the potential for confusion "through the eyes of the unsophisticated consumer." *Wahl v. Midland Credit Mgmt., Inc.*, 556 F.3d 643, 645 (7th Cir. 2009). In this Circuit, "the confusing nature of a collection letter is a question of fact that, if well-pleaded, avoids dismissal on a Rule 12(b)(6) motion." *Zemeckis v. Global Credit & Collection*

4

*Corp.*, 679 F.3d 632, 636 (7th Cir. 2012). "[A] district court must tread carefully before holding that a letter is not confusing as a matter of law when ruling on a Rule 12(b)(6) motion because district judges are not good proxies for the unsophisticated consumer whose interest the statute protects." *McMillan*, 455 F.3d at 759 (internal quotation omitted). But if it is "apparent from a reading of a letter that not even a significant fraction of the population would be misled by it," dismissal is appropriate. *Zemeckis*, 679 F.3d at 636 (citation omitted).

I.      **Alleged Violation of Section 1692g(a)(2)**

Plaintiff advances the same allegations in support of her § 1692g(a)(2) claim as in her original complaint, and the court previously found that these allegations plausibly state a claim for relief. Without directly asking the court to reconsider its ruling, Defendants present essentially the same argument for dismissal of Plaintiff's claim that they made earlier: that the debt collection letter identified the creditor to whom Plaintiff's debt is owed in a way that would be understood by an unsophisticated consumer because "magic words are not required." (Mot. to Dismiss at 4.) Of the authority Defendants cite in support of dismissal, only one decision post-dates this court's ruling on Defendants' prior motion to dismiss. (Mot. to Dismiss at 4 (citing *Steffek v. Client Servs., Inc.*, 948 F.3d 761 (7th Cir. 2020); *Dennis v. Niagara Credit Sols., Inc.*, 946 F.3d 368 (7th Cir. 2019); *Smith v. Simm Assocs., Inc.*, 926 F.3d 377 (7th Cir. 2019); *Janetos v. Fulton Friedman & Gullace, LLP*, 825 F.3d 317 (7th Cir. 2016).) The court does not believe, however, that *Steffek v. Client Services* compels reconsideration of its first opinion.

The Seventh Circuit in *Steffek* found that a debt collection letter did not clearly identify the plaintiff's current creditor when the letter included a header stating only "RE: CHASE BANK USA, N.A." followed by an account number. 948 F.3d at 763. Chase Bank was, in fact, the plaintiff's current creditor, but the court explained that the actual identity of the current creditor "does not control the result." *Id.* Rather, as Defendants here recognize, the question under the FDCPA is "whether the letters identified the then-current creditor clearly enough that an unsophisticated consumer could identify it without guesswork." *Id.* Defendants here emphasize the Seventh

5

Circuit's observation that "§ 1692g(a)(2) does not mandate the use of specific terms such as 'creditor' or 'owner of the debt.' . . . [because] the FDCPA does not require use of any specific terminology to identify the creditor." *Id.* at 767 (citing *Smith*, 926 F.3d at 381). Instead, "[d]ebt collectors are free to use words other than these chosen by Congress if the words will communicate the required information to unsophisticated consumers." *Steffek*, 948 F.3d at 767.

This court denied Defendants' motion to dismiss Plaintiff's original complaint based on the finding that the debt collection notice's identification of DNF Associates, LLC as the "current owner of the unpaid account referred to above," could potentially confuse an unsophisticated consumer. As noted in *Walls v. United Collection Bureau*, No. 11 C 6026, 2012 WL 1755751 (N.D. Ill. May 16, 2012), an unsophisticated consumer likely would not think about debt in terms of ownership, and therefore may not equate "current owner of an unpaid account" with "current creditor." The court recognizes that in *Steffek*, the Seventh Circuit affirmed that "1692g(a)(2) does not mandate the use of specific terms such as 'creditor' or 'owner of the debt,'" and in fact used "creditor" and "owner of the debt" interchangeably throughout the opinion. 948 F.3d at 767. This suggests that identifying the "owner of the debt" may be sufficient identification of the creditor to whom the debt is owed for purposes of § 1692g(a)(2). That said, however, *Steffek* did not hold that a letter identifying the creditor to whom the debt is owed as the "current owner of the debt" was not confusing as a matter of law. And even though the "owner of a debt" is equivalent to a "creditor," the issue for Plaintiff's FDCPA claim is whether a significant fraction of the population would understand that.

Viewing Defendants' debt collection letter as a whole, an unsophisticated consumer could perhaps be expected to infer that DNF Associates, LLC is the current owner of the debt. *See Smith*, 926 F.3d at 380 ("[A]n unsophisticated consumer . . . is capable of making basic logical deductions and inferences."). Miller & Steeno's letter to Plaintiff stated, "[t]his firm represents Dnf Associates, Llc, the current owner of the unpaid account referred to above." (Debt Collection Letter ¶ 1.) There is only one "unpaid account referred to above"—the Kay Jewelers credit

6

account with an unpaid balance of $1,678.69—indicating that DNF Associates is the current owner of that unpaid credit account, that is, the debt. That "unpaid account" is equivalent to "debt" is an inference supported by the repeated use of "the debt" in the following paragraph of the letter. (*See id.* ¶ 2.)

It is nevertheless premature, however, for the court to conclude that a significant fraction of the population would not be confused about the identity of the creditor to whom Plaintiff owes the debt. First, it is not clear as a matter of law that an unsophisticated consumer would understand "owner of a debt" to mean the same thing as "creditor." Second, when drawing reasonable inferences in Plaintiff's favor, the second paragraph of the debt collection letter adds ambiguity. Miller & Steeno write that they will "provide [ ] the name and address of the original creditor, if different from the current creditor." (*Id.*) Someone reading the letter could conclude that "current creditor" refers to DNF Associates because it is identified as the owner of the unpaid Kay Jewelers account, and it is the only entity identified in the letter aside from Kay Jewelers, the "original creditor." On the other hand, because the letter identifies Kay Jewelers as the "original creditor," and does not refer to any entity as the corresponding "current creditor" in those words, someone reading the letter could also reasonably wonder if the "current creditor" is an unnamed entity.

Discovery may ultimately prove Defendants correct that an unsophisticated consumer would not be confused by a debt collection letter that identifies the creditor to whom the debt is owed as "the current owner of the unpaid account referred to above." But Defendants have not pointed this court to any decisions so holding. The court adheres to its earlier holding that the debt collection letter may be confusing to an unsophisticated consumer and denies Defendants' motion to dismiss Plaintiff's § 1692g(a)(2) claim.

II. **Alleged Violation of Section 1692g(a)(5)**

Section 1692g(a)(5) requires, in pertinent part, that

7

> [w]ithin five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication . . . send the consumer a written notice containing . . . a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

15 U.S.C. § 1692g(a)(5). Defendants challenge Plaintiff's standing to bring a § 1692g(a)(5) claim, arguing that Plaintiff has not alleged that she suffered an injury in fact. (Mot. to Dismiss at 7–9.) Defendants also challenge Plaintiff's claim under Rule 12(b)(6) for failure to state a claim, arguing that the letter properly sets forth that Plaintiff had just 30 days to request information about her original creditor. (Mot. to Dismiss at 6–7.)

### A. Rule 12(b)(1) Challenge to Standing[1]

Defendants contend that Plaintiff was not injured by any omission of the § 1692g(a)(5) disclosures because she does not allege that she actually attempted to obtain information about her original creditor. (Mot. to Dismiss at 8.) In *Casillas v. Madison Avenue Assocs., Inc.*, the Seventh Circuit concluded that mere receipt of a debt collection letter omitting some disclosures required by the FDCPA, divorced from any concrete harm, does not satisfy the injury in fact requirement of Article III. 926 F.3d 329, 334–36 (7th Cir. 2019). The *Casillas* court also explained, however, that "Article III's strictures are met not only when a plaintiff complains of being deprived of some benefit, but also when a plaintiff complains that she was deprived of a chance to obtain a benefit." *Id.* at 334 (quoting *Robertson v. Allied Sols., LLC*, 902 F.3d 690, 697 (7th Cir. 2018)). Unlike the plaintiff in *Casillas* who did not allege that she had tried to dispute or verify her debt, nor that she even considered doing so, Plaintiff Africano-Domingo has alleged more than the receipt of an incomplete debt-collection letter. *Cf. Casillas*, 926 F.3d at 332, 334. In her amended complaint, Plaintiff alleges that she would have timely requested information about her original

---

[1] Defendants' motion to dismiss Plaintiff's amended complaint for lack of standing solely addresses the alleged § 1692g(a)(5) violation. Defendants did not ask the court to reconsider its earlier finding that Plaintiff had plausibly alleged standing to bring her § 1692g(a)(2) claim. (*See* Mot. to Dismiss at 8; Defs.' Reply [42] at 1–2.) As a result, this section addresses only Plaintiff's standing to bring the § 1692g(a)(5) claim.

creditor had she known that there was a 30-day time limit because she does not recognize the debt, and that as a result, she unknowingly waived her rights to obtain that information and to be free from debt collection activities while Defendants responded to her request. (Am. Compl. ¶¶ 28–31; Pl.'s Resp. [38] at 15.)

Defendants maintain that if Plaintiff truly did not recognize the debt or was confused about the identity of her original creditor, she would have requested Kay Jewelers' address in the letter sent by her attorney on October 8, 2018. (Defs.' Reply at 2.) The letter from Plaintiff's counsel states that Plaintiff "regrets not being able to pay, however, at this time they are insolvent, as their monthly expenses exceed the amount of income they receive, and the debt reported on the credit report is not accurate." (Wood Letter ¶ 1.) In Defendants' view, by disputing only the accuracy of the debt as reported on her credit report, Plaintiff "tacitly admits that she recognized the debt." (Mot. to Dismiss at 7.) True, one could infer from the absence of a request for information about Plaintiff's original creditor that Plaintiff never intended to request that information, or that she would not have requested the information within 30 days. (*See id.* at 6–7.) Indeed, the debt collection letter clearly states that Plaintiff had 30 days to contest the validity of the debt, but Plaintiff nonetheless waited four months. But this is not the only possible inference to draw from the letter. The letter from Plaintiff's counsel could also indicate that, because Plaintiff did attempt to exercise some of her rights under the FDCPA, she would also have requested the address of her original creditor had she known that she only had a limited time to do so.

Discovery may ultimately favor Defendants' position, but at this stage, the court accepts as true the well-pleaded facts in Plaintiff's complaint and draws all reasonable inferences in her favor. *Kubiak*, 810 F.3d at 480–81; *see also Rossi v. Kohn Law Firm S.C.*, No. 19-CV-192-JDP, 2020 WL 2527176, at *5 (W.D. Wis. May 18, 2020). The letter from Plaintiff's counsel to Defendants does not so clearly contradict the allegations in Plaintiff's complaint that she has "pleaded herself out of court." *See Williamson*, 714 F.3d at 448. Accordingly, Plaintiff has

9

plausibly alleged that she lost an opportunity to obtain more information about her original creditor as a result of Defendants' omission of the 30-day deadline.

### B. Rule 12(b)(6) Challenge to the Merits

Finally, Defendants claim that the debt collection letter did appropriately disclose the information required by § 1692g(a)(5). The relevant portion of the debt collection letter states:

> Unless you notify us within thirty (30) days after receipt of this letter that you dispute the validity of the debt, or any portion thereof, the debt will be assumed to be valid by this office. If you notify us in writing, within thirty days, that the debt, or any portion thereof, is disputed, we will obtain verification of it and a copy of the verification will be mailed to you. If requested, in writing, we will also provide you with the name and address of the original creditor, if different from your current creditor.

(Debt Collection Letter ¶ 2.) The third sentence, corresponding to the disclosures required by § 1692g(a)(5), does not repeat that Plaintiff had only 30 days to act. Defendants argue, however, that because the pertinent part of the letter consisted of three sentences, the first two of which did spell out a 30-day time limit, Plaintiff could logically deduce that the 30-day time limit applied to the third sentence as well. (Mot. to Dismiss at 7.) Plaintiff, on the other hand, asserts that by explicitly stating the 30-day time limit in the first two sentences, Defendants can be understood to imply that it does not apply to the third. (Pl.'s Resp. at 11.)

The facts of the present case resemble the alleged § 1692g(a)(4) violation in *Wenig v. Messerli & Kramer P.A.*, No. 11-CV-3547 (PJS/FLN), 2013 WL 1176062, *3 (D. Minn. Mar. 21, 2013). In *Wenig*, the court granted summary judgment for plaintiff after the defendant debt collection agency sent a letter that stated, in relevant part:

> [1] Unless you notify us within 30 days after the receipt of this letter that the validity of this debt, or any portion of it, is disputed, we will assume that the debt is valid. [2] If you dispute the debt in writing, we will obtain verification of the debt and mail it to you. [3] Also, upon your written request within 30 days, we will provide you with the name and address of the original creditor if different from the current creditor.

*Id.* at *2. The court found that the first and third sentences provided complete disclosures of the information required by § 1692g(a)(3) and (5), respectively, but the second sentence,

10

corresponding to § 1692g(a)(4), failed to tell the plaintiff that she had to exercise her right to obtain verification of the debt within the 30-day time period. *Id.* The court reasoned that because each of the sentences addresses different rights that are exercised in different ways, a reasonable consumer could "easily" conclude that "although the debt collector has the right to assume that the debt is valid if the consumer does not dispute it in any manner within 30 days, the consumer nevertheless has an unlimited amount of time in which to obtain written verification of the debt." *Id.* at *2–3. The court further explained that "[b]ecause the first and third sentences contain explicit references to the same 30-day period, it would be reasonable to assume that the second sentence's failure to mention the 30-day period was intentional." *Id.* at *3.

Defendants attempt to distinguish *Wenig* on the basis that "*Wenig* does not grant summary judgment for the plaintiff for a § 1692g(a)(5) violation. *Wenig* addresses violations to § 1692g(a)(4), which have not been alleged and are not at issue in this case." (Defs.' Reply at 4.) True, but that distinction does not make *Wenig*'s reasoning any less persuasive. The court discussed the different substance and mode of exercising the statutory rights only for the effect those differences would have on an unsophisticated consumer's interpretation of the letter. That is, if adjacent sentences obviously addressed the same right, it could be reasonable to expect an unsophisticated consumer to infer that the 30-day time limit applies to both sentences. Because the rights were different, however, the omission of the 30-day time limit from one sentence seemed intentionally to indicate that no time limit applied. This reasoning applies with equal force to the nearly identical debt collection letter that Defendants sent to Plaintiff.

Finally, Defendants point out that they specified the 30-day timeframe in two of the sentences in the letter, and began the third sentence with the words "we will *also* provide you with" information about the original creditor. Thus, they contend, "[t]he average debtor, making the basic logical deductions and inferences can deduce that he or she has thirty days" to request the name and address of the original creditor. (Mot. to Dismiss at 7.) Plaintiff disagrees, responding that "[b]y explicitly stating the 30-day deadline and in-writing requirement for the first

11

two Congressionally-defined rights, and only stating the in-writing requirement for the last one, Defendants have almost ensured that any reader, of any sophistication level, would believe that the 30-day deadline did not apply to a request for the name and address of the original creditor." (Pl.'s Resp. at 11.) Both of these inferences are reasonable, and at this stage, the court is required to draw all reasonable inferences in favor of the plaintiff. Plaintiff has plausibly alleged that an unsophisticated consumer would be confused about whether the 30-day time limit referenced in Defendants' letter applied to the sentence informing Plaintiff of a right to request additional information about her original creditor. Accordingly, Defendants' motion to dismiss this claim is denied.

## CONCLUSION

For the foregoing reasons, the court concludes that Plaintiff has plausibly pleaded a claim for relief under FDCPA § 1692g(a)(2). The court also concludes that Plaintiff has adequately pleaded standing to pursue a § 1692g(a)(5) claim, and has plausibly pleaded the merits of such a claim. Defendants' motion to dismiss [31] is therefore denied.

ENTER:

Date: August 10, 2020

_____
REBECCA R. PALLMEYER
United States District Judge

12